In the progress of the trial, Tracy, an attorney at law, was ex-
amined as a witness, and was asked what Rogers told him of the
sale to Dare.

This was objected to, as disclosing the secrets of the client.

BY THE COURT. An attorney at law cannot be compelled, and
will not be permitted, to disclose what his client, as such, has confi-
dentially confided to him; but his situation, as attorney at law,
does not excuse him from testifying to facts affecting his client, the
knowledge of which he derived from other sources.

*Tracy* and *Hubbard*, for the plaintiff.

*Beebe* and *Culberston*, contra.

THE COURT, to the jury. The claim of the plaintiff rests upon
the assumption that the bill of sale to Dare being unaccompanied
with the actual possession of the engine, is void. The position is
not sound. The court has frequently decided that the want of
actual possession following a bill of sale of personal property, was
not *fraud in itself*, but only a circumstance of fraud. There is no
pretence here but that the transaction between Harding and Dare
was a bone fide one, and the plaintiff certainly was not deceived by
the possession of Harding, nor thus induced to give credit upon the
supposition that possession was evidence of property, because he
had notice of Dare's claim.

Verdict and judgment for the defendant.

☞ The engine had been taken possession of by Hutchinson, a security for
Harding to Rogers. Dun had brought suit for it. After the decision above,
it was agreed, that if Hutchinson took the engine to Dun in Zanesville, and
paid the costs the suit should be discontinued.

---

138]        *EDWARD MILLINER *v.* ANNA MILLINER.

Divorce—kink—wilful absence—confinement to one man.

Where a wife who leaves her husband shortly after marriage, declaring she
will not be confined to *one man,* and continues absent for three years, it is
cause for divorce.

DIVORCE. Cause—three years' wilful absence.

These parties were voluntarily married; but it was in evidence,
that at the *in-fare* following the wedding, "she took a kink," and
142

threatened to leave; but the father of the groom persuaded her to go with her husband. She did do so, and staid only a few days, and left him saying, she would not be confined to *one man*, and has never returned for more than three years. Divorce decreed.